## WALLACE v. COMMISSIONER OF INTERNAL REVENUE.*

### No. 6926.

Circuit Court of Appeals, Ninth Circuit.

Jan. 9, 1933.

Claude I. Parker, John B. Milliken, and George H. Koster, all of Los Angeles, Cal. (L. A. Luce, of Washington, D. C., of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Morton K. Rothschild, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, and J. E. Marshall, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before WILBUR and SAWTELLE, Circuit Judges, and CAVANAH, District Judge.

WILBUR, Circuit Judge.

This is an appeal from a decision of the Board of Tax Appeals. The taxpayer suffered a loss in the year 1923 by reason of the worthlessness of certain shares of capital stock in the American Fuel Oil & Transportation Company.

The question presented by the record is whether or not such loss was a "net loss resulting from the operation of any trade or business regularly carried on by the taxpayer" within the meaning of section 204 (a), of the Revenue Act of 1921 (42 Stat. 231), and under Treasury Regulations 62, art. 1601, promulgated by the Treasury Department under the Revenue Act of 1921 and under section 206 (a) of the Revenue Acts of 1924 and 1926 (26 USCA § 937 (a) and note), to the same effect. The facts are stated at length in the opinion of the Board of Tax Appeals from which this appeal is taken,

*Rehearing denied March 21, 1933.

28 B. T. A. 858, to which we refer for further particulars.

It appears from such findings that from about the year 1900 "the petitioner has been engaged in the buying and selling of real estate, including oil properties. About 1909 or 1910 he organized nine or ten small oil companies. His usual practice was to purchase property, organize the corporation and transfer the property to it for stock. At times he contributed cash to the companies. A number of these companies which the petitioner organized and in which he owned stock were merged in 1907 or 1908 into a new corporation, the Traders Oil Company. The petitioner received shares of stock in this corporation in exchange for his stock in these other companies.

"After 1921 or 1922 the petitioner retired from any active management in the corporations in which he had been instrumental in organizing, but retained his stockholdings therein. In 1923, he had other substantial investments from which he derived considerable income.

"In 1919 the American Fuel Oil & Transportation Company, hereinafter referred to as the American Company, was organized to take over the assets of the Traders Oil Corporation. The petitioner took no active part in the organization of the American Company. * * *

"The operations of the American Company were never very successful. One of its main activities was the transportation of oil for which it purchased ships from the government and converted them into oil tankers. The ships, after being converted, were found to be defective and the company was unable to carry out its contracts for the delivery of oil. It did not pay any dividends after the early part of 1921. In 1920 the entire oil industry was suffering a depression due to the fact that there was an oversupply of oil. * * *

"The petitioner during 1923 was not an officer or director of the American Company."

It is conceded by the government that, if a loss had been incurred by the taxpayer in the corporations of which he was the active promoter, the loss would be deductible from the subsequent year's income under the statute in question (section 204 (a), supra), but the only connection between the business of the taxpayer as a promoter and the stock of the American Company from which he suffered a loss was the fact that this stock represented an accumulation of earnings and profits acquired in his business of promotion. He did not promote the American Company. When the case was argued, attention was called to the fact that two cases were pending in the Supreme Court, decisions which would probably be decisive of the case at bar. These decisions were rendered December 12, 1932 (Dalton v. Bowers, 53 S. Ct. 205, 77 L. Ed. ——; Burnet v. Clark, 53 S. Ct. 207, 77 L. Ed. ——). Both these decisions were in favor of the contentions of the government, and are decisive of the question involved here.

Order affirmed.